UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KIRBY INLAND MARINE LP            CIVIL ACTION

VERSUS

HOUSTON LP, ET AL.            NO.: 11-00264-BAJ-RLB

## RULING AND ORDER

Before the Court is a **Motion to Dismiss Third Party Complaint (Doc. 56)**, filed by Third Party Defendant Intertek USA, Inc. ("Intertek"), seeking an order from this Court dismissing with prejudice the claims of Third Party Plaintiffs LBC Baton Rouge, L.L.C., LBC Houston, L.P., and LBC Opertations (U.S.), L.L.C. ("LBC Entities"), pursuant to Federal Rules of Civil Procedure ("Rule") 12,14,16, and 41. The LBC Entities oppose the motion. (Doc. 58.) Jurisdiction is proper pursuant to 28 U.S.C. § 1333.

I. <u>Background</u>

LBC Entities filed a Third Party Complaint against Intertek pursuant to Rule 14(c) on July 25, 2012. (Doc. 51.) LBC Entities allege that Intertek is liable for damages to the Barge KIRBY 11323, due to the fault, negligence, and lack of due care on the part of both Intertek and its inspector, Michael Hoover ("Hoover"). (Doc. 51, ¶ 16.) LBC Entities seek full indemnity from Intertek for the claims made against them by Plaintiff Kirby Inland Marine, L.P. ("Kirby"), Third Party Plaintiff John Robert

Williams, III ("Williams"), Third Party Plaintiff Lucien Templet ("Templet"), Intervenor American Interstate Insurance Company ("American Interstate"), Third Party Plaintiff Signal Mutual Indemnity Association ("Signal"), and Third Party Defendant Team Services, LLC ("Team Services"). (Doc. 51, ¶¶ 4-9, 16.) LBC Entities further seek costs, expenses, and attorney's fees. (Doc. 51, ¶¶ 16-17.)

As to the instant motion, Intertek seeks an order from this Court dismissing with prejudice LBC Entities' Third Party Complaint. (Doc. 56.) Intertek argues that LBC Entities' claims should be dismissed because LBC Entities filed their Third Party Complaint after the deadline set out in the Court's Scheduling Order, and because their Third Party Complaint fails to state a claim upon which relief can be granted.

LBC Entities oppose the motion and argue that Intertek's 12(b)(6) motion is actually a motion for summary judgment. (Doc. 58, p. 14.) They also argue that their Third Party Complaint should not be dismissed because the parties to the original lawsuit consented to the filing of the Third Party Complaint, and because the Court granted their request for leave to file the Third Party Complaint after the deadline set out in its Scheduling Order.

## II. Standard of Review

### A. Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate

that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

III. <u>Analysis</u>

    A. **Rule 12(b)(6) Motion to Dismiss or Rule 56 Motion for Summary Judgment**

As an initial matter, the Court must determine whether the instant motion can be treated as a motion to dismiss, or whether it must be converted into a motion for summary judgment.

Rule 12(d) requires Rule 12(b)(6) motions to be converted into Rule 56 motions for summary judgment when matters outside the pleadings are presented to and not excluded by the court. In considering a motion for failure to state a claim upon which relief can be granted, a court must typically limit itself to the contents of the pleadings, including their attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, a court may consider documents outside the record on a Rule

3

12(b)(6) motion when these documents are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breachers Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Pursuant to Rule 12(d), a court can choose to ignore outside documents and treat the motion as a motion to dismiss for failure to state a claim upon which relief can be granted, or take the outside documents into consideration and convert it into one for summary judgment. Fed.R.Civ.P. 12(d).

> "The district court's discretion generally will be exercised in terms of whether or not the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action. When the extra-pleading material is comprehensive and will enable a rational determination of a summary judgment motion, the court is likely to accept it, when it is scanty, incomplete, or inconclusive, the court probably will reject it."

*Isquith for & on Behalf of Isquith v. Middle S. Utilities, Inc.*, 847 F.2d 186, 194 (5th Cir. 1988) *quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1366 (1969).

A close review of the instant motion suggests that Intertek intended for its motion to be treated as a motion to dismiss. This is evident from the plain language of the motion, the argument contained in Intertek's memorandum in support of the motion, and the case law cited in the memorandum in support.

Intertek cites to outside documents in the "Factual Background" section of its memorandum in support only. (Doc. 56-1, p. 2.) Indeed, the second half of Intertek's memorandum in support, entitled "LBC Entities' Third Party Complaint Fails to State a Claim Upon Which Relief Can be Granted," does not contain any citations to outside documents. *See, e.g.*, Doc. 56-1, p. 11. Thus, it is reasonable to conclude that Intertek attached the outside documents for the limited purpose of supporting its argument that

4

LBC Entities should not have been granted leave to file their Third Party Complaint.

Further, because the Court does not have sufficient information to completely dispose of the matter at this time, converting the instant motion to one for summary judgment would require Intertek, as well as LBC Entities, to submit additional evidence and memoranda for the Court's consideration. Thus, the Court will treat the instant motion as a Rule 12(b)(6) motion to dismiss and not convert it to a motion for summary judgment. As a result, no outside documents will be considered by the Court.

### B. Magistrate Judge Dalby's Order Granting LBC Entities' Leave to File Third Party Complaint

The Court notes that Intertek never appealed Magistrate Judge Dalby's order granting LBC Entities leave to file their Third Party Complaint. Rather, it filed the instant Motion to Dismiss. To the extent Intertek is now attempting to appeal Magistrate Judge Dalby's order, such an attempt is in contravention of Local Rule 74.1(A).[1]

Intertek attempts to base its challenge to Magistrate Judge Dalby's order on Rule 16(b)(4), which allows a schedule to be modified "only for good cause and with the Judge's consent." It is undisputed that Magistrate Judge Dalby granted LBC Entities

---

[1] Magistrate Judge Dalby issued her order granting LBC Entities' Motion for Leave to File on July 25, 2012 (Doc. 50), and the Third Party Complaint was filed into the record that same day (Doc. 51). Intertek did not enter an appearance until August 13, 2012, nineteen days after the Third Party Complaint was filed, when it filed a Motion for Extension of Time to File Answer, which was granted. (Docs. 54, 55.) It was not until September 26, 2012 that Intertek filed the instant Motion to Dismiss. (Doc. 56.) Pursuant to Local Rule 74.1, a party wishing to appeal the order of a Magistrate Judge must do so within 14 days of receipt of a copy of the order. Further, an appeal must include "a written statement of appeal specifically designating the order or part thereof appealed from, the basis for the objection, and a written memorandum in support thereof." LR 74.1. Intertek has not complied with Local Rule 74.1 here.

5

leave to file the Third Party Complaint. Intertek argues, however, that Magistrate Judge Dalby did not have good cause for doing so. (Doc. 56-1, p. 9-10.) In support of its argument, Intertek points to LBC Entities' answers to Third Party Plaintiff Lucien Templet's ("Templet interrogatories as proof that LBC Entities believed Intertek was liable to them as early as November 11, 2011, approximately four months before the deadline to file third party claims. In Interrogatory Number 8, Templet, through counsel, asked LBC Entities to identify all entities they believed to be at fault for the explosion on the Barge KIRBY 11323. (Doc. 56-4, p. 7.) In response, LBC Entities named Intertek's local branch in Gonzales, Caleb Brett, and Intertek's employee, Hoover. (Doc. 56-4, p. 7.)

In opposition, LBC Entities argue that despite their answer to Interrogatory Number 8, they did not have a factual basis for the filing of the Third Party Complaint until after the Court's Scheduling Order deadline expired. Specifically, LBC Entities claim they lacked a factual basis until after Mr. Morris Clyde Wright, a former employee of LBC Entities working at the dock on the day of the explosion, provided LBC Entities with detailed information about Intertek's role in the explosion during his deposition in June 2012. (Doc. 58, p. 6.) LBC Entities claim that Mr. Wright could not be deposed until this date because Kirby Inland did not file a complaint against LBC Entities until over a year after the accident (Doc. 58, p. 6.), at which point Mr. Wright was no longer employed with LBC Entities and could not be located by LBC Entities. (Doc. 58, p. 4.)

6

Rule 16(b)(4) permits scheduling orders to be modified, but only for good cause and with a judge's consent. "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003). The Fifth Circuit has repeatedly provided trial courts with broad discretion to interpret, apply, and modify scheduling orders. *Topalian v. Ehrman*, 954 F.2d 1125, 1139 (5th Cir. 1992); *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208 (5th Cir. 1992).

Magistrate Judges also have broad discretion in the resolution of nondispositive pretrial disputes. Rule 72(a); 28 U.S.C. § (b)(1)(A); Local Rule 74.1. Pursuant to Rule 72(a) and Local Rule 74.1, a District Judge must modify or set aside the nondispositive order of a Magistrate Judge when it is "clearly erroneous or is contrary to law." Rule 72(a); Local Rule 74.1.[2] Based on this standard, the Court must affirm the judgment of the Magistrate Judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *Moody v. Callon Petroleum Operating Co.*, 37 F.Supp.2d 805, 807 (E.D. La. 1999).

Here, although LBC Entities responded to Templet's Interrogatory Number 8 by listing Intertek as a liable party almost a year before they filed the Third Party Complaint, this does not necessarily demonstrate that LBC Entities had a sufficient factual basis for the filing of a Third Party Complaint against Intertek at that time.

---

[2] 28 U.S.C. § 636 (b)(1)(A) sets a similar standard. When a Magistrate Judge is assigned to hear a pretrial matter, the order of that judge should only be reconsidered if "it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636 (b)(1)(A).

7

Further, Intertek has failed to argue that Magistrate Judge Dalby's order was clearly erroneous or contrary to law. Thus, Intertek's request that the Court dismiss LBC Entities' Third Party Complaint on this basis is denied.

    **C.    The Merits of Intertek's Rule 12(b)(6) Motion**

Finally, the Court will consider the merits of Intertek's Rue 12(b)(6) motion. When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Thus, "[i]f the plaintiff fails to allege facts sufficient to 'nudge [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed.'" *Mitchell v. Johnson*, No. 07-40996, 2008 U.S. App. LEXIS 17194, at *5 (5th Cir. Aug. 8, 2008) (citing *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). Whether this standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Case 3:11-cv-00264-BAJ-RLB   Document 77   09/11/13   Page 8 of 11

Under Louisiana law, to prevail on a claim for negligence, the plaintiff must prove: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element). *Lemann v. Essen Lane Daiquiris, Inc.*, 923 So.2d 627, 633 (La.2006) (citing *Fowler v. Roberts*, 556 So. 2d 1, 4 (La.1989)). A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability. *Mathieu v. Imperial Toy Corp.*, 646 So.2d 318, 321 (La.1994). "Whether a duty is owned is a question of law; whether defendant has breached a duty owed is a question of fact." *Brewer v. J.B. Hunt Transp., Inc.*, 35 So.3d 230, 240 (La. 2010).

In support of the motion, Intertek argues that LBC Entities' Third Party Complaint fails to state a negligence claim upon which relief can be granted. Specifically, Intertek contends that the Third Party Complaint fails to allege sufficient facts regarding Intertek's duty, how that duty was breached, how Intertek's breach of that duty caused damages, or the type of damages incurred. Thus, LBC Entities' allegations are insufficient, and their Third Party Complaint should be dismissed.

In opposition, LBC Entities argue that the Third Party Complaint sufficiently alleges that Hoover "was negligent in connection with his duties surveying and inspecting the Barge KIRBY 11323 and its cargo." (Doc. 58, p. 13.) They further

9

contend that the Third Party Complaint sufficiently alleges that Hoover's negligence led to the explosion and the parties' damages.

Paragraph 13 of the Third Party Complaint alleges that Intertek was contracted to perform inspection and gauging services aboard the Barge KIRBY 11323 during and subsequent to loading. (Doc. 51, ¶ 13.) The next paragraph alleges that Intertek provided its inspector, Hoover, to: (1) inspect the cargo tanks prior to loading; (2) gauge the cargo tanks; (3) gauge the shore tanks; (4) inspect the cargo tanks of the barge during loading; (5) load the "heel" into the cargo tanks of the barge; (6) determine and calculate line displacement; and (7) determine into which cargo tanks the cargo would be loaded and in which sequence. (Doc. 51, ¶ 14.) The next paragraph alleges that during the initial stage of loading the Barge KIRBY 11323, an explosion and/or fire occurred, causing *inter alia* the damages allegedly incurred by Kirby, Williams, Templet, American Interstate, Signal, and/or Team Services. (Doc. 51, ¶ 15.) Finally, the Third Party Complaint alleges that, to the extent damages were sustained by Kirby, Williams, Templet, American Interstate, Signal, and/or Team Services, said damages resulted from the fault, negligence, and lack of due care on the part of Intertek, and its inspector, Hoover. (Doc. 51, ¶ 16.)

Rule 8 requires a pleading to contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). As the Supreme Court explained in *Iqbal*, "[t]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

10

Case 3:11-cv-00264-BAJ-RLB   Document 77   09/11/13   Page 10 of 11

defendant-unlawfully harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court concludes that LBC Entities has met Rule 8's liberal pleading standard. The complaint does not make bald accusations, but rather points to specific alleged acts by Intertek which led to the damages allegedly sustained. When viewing LBC Entities' allegations in the light most favorable to them, the Court concludes that LBC Entities' have raised a right to relief above the speculative level. Thus, LBC Entities' has alleged sufficient facts to state a claim to relief that is plausible on its face.

IV. Conclusion

Accordingly,

**IT IS ORDERED** that Intertek USA, Inc.'s **Motion to Dismiss Third Party Complaint (Doc. 56)** is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion for Conference (Doc. 65)**, filed by LBC Baton Rouge, L.L.C., LBC Houston, L.P., LBC Opertations, L.L.C., Kirby Inland Marine, L.P., Team Services, L.L.C., Lucien Templet, John Robert Williams, and American Interstate Insurance Company is **DENIED**.

Baton Rouge, Louisiana, this 10th day of September, 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

11

Case 3:11-cv-00264-BAJ-RLB   Document 77   09/11/13   Page 11 of 11